PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 5:19CR245 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CARLEN OSBORNE CLEMONS, ) | |
| ) | |
| ) | **ORDER** |
| Defendant. ) | [Resolving ECF No. 77] |

Pending before the Court is Defendant Carlen Osborne Clemons' Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c).  *See* ECF No. 77.  The Government submitted a response in opposition.  *See* ECF No. 86.  Pursuant to Court Order (ECF No. 78)[1], the Government filed a supplemental briefing.  ECF No. 79.  The Court has reviewed the parties' filings, exhibits, and the applicable law.  For the reasons stated below, Defendant's Motion for Compassionate Release (ECF No. 77) is granted.

**I. Background**

A grand jury returned a twelve-count indictment against Defendant, charging twelve separate occurrences of Mail Fraud, in violation of 18 U.S.C. § 1341.  *See* ECF No. 1.  The twelve separate occurrences giving rise to each respective Count are set forth in more detail below:

---

[1] The Court ordered the Government to file a short supplemental brief addressing (1) whether Defendant has access to a COVID-19 vaccine, and (2) Defendant's vaccination status.  *See* ECF Nos. 78, 79.

(5:19CR245)

| Count | Approx. Date | Item Mailed From | Named Recipient | Content of Mailed Matter |
|---|---|---|---|---|
| 1 | April 29, 2014 | J.R., Canton, Ohio | FPC | Western Union Money Order #47-020207340 for $500 |
| 2 | April 30, 2014 | K.S., Toledo, Ohio | FPC | Check #4193 for $3,000 |
| 3 | May 17, 2014 | K.S., Toledo, Ohio | FPC | Check #4194 for $2,000 |
| 4 | July 12, 2014 | K.S., Toledo, Ohio | FPC | Check #4196 for $705 |
| 5 | August 5, 2014 | K.S., Toledo, Ohio | FPC | Check #4197 for $705 |
| 6 | August 12, 2014 | K.S., Toledo, Ohio | FPC | Check #4198 for $1,055 |
| 7 | September 29, 2014 | K.S., Toledo, Ohio | FPC | Check #4201 for $705 |
| 8 | November 3, 2014 | K.S., Toledo, Ohio | FPC | Check #4203 for $705 |
| 9 | November 5, 2014 | K.S., Toledo, Ohio | FPC | Check #4204 for $705 |
| 10 | November 6, 2014 | K.S., Toledo, Ohio | FPC | Check #4202 for $350 |
| 11 | April 30, 2014 | D.M. and L.M., Toledo, Ohio | FPC | Check #4666 for $911 |
| 12 | May 29, 2014 | D.M. and L.M., Toledo, Ohio | FPC | Check #4683 for $911 |

ECF No. 1 at PageID #: 3 – 4.  During a Change of Plea Hearing, Defendant entered pleas of guilty to Counts 1 – 12 of the Indictment.  *See Minutes* 1/28/2020.  Defendant was sentenced to the custody of the United States Bureau of Prisons ("BOP") for a term of 24 months as to each of Counts 1 – 12 of the Indictment, each such term to be served consecutively, with a three (3) year term of Supervised Release to follow.  *See* ECF No. 58.  Defendant filed, and was granted, six successive Motions to Extend Date for Self-Surrender.  *See* ECF Nos. 60, 61, 62, 63, 64, 66, 67, 68, 69, 73, 74, 75.  Defendant's Seventh Motion to Extend Date of Self-Surrender (ECF No. 76), was denied.  *See* 8/10/2021 Non-document Order.  Accordingly, Defendant was ordered to report

2

(5:19CR245)

to Federal Correctional Institute ("FCI") Pekin on August 13, 2021.[2] *Id*.  Defendant has now filed a motion for compassionate release, citing a bevy of medical conditions as grounds that extraordinary and compelling reasons are present, justifying her early release.  ECF No. 77 at PageID #: 309.

## II.  Discussion

"Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020).  "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because 'a court [could] grant relief *only*'" on a motion by the BOP.  *Id*. (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020)).  "In 2018, the First Step Act revised § 3582, allowing incarcerated persons to file compassionate-release motions in federal court without BOP approval [as] long as they either exhausted the BOP's administrative process, or requested compassionate release from their warden and then waited thirty days."  *Id*. (citing *Jones*, 980 F.3d at 1105).  "This procedural change, paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp increase in both filings and grants of compassionate-release motions."  *Id*. (citing *Jones*, 980 F.3d at 1105).

A court may grant compassionate release when it finds certain requirements are satisfied.  *Id*.  "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence

---

[2]  According to the Federal Bureau of Prisons Inmate Locator website (https://www.bop.gov/inmateloc/ (last visited November 1, 2022)), Carlen Osborne Clemons is currently located at Residential Reentry Management (RRM) Nashville, and is set to be released on March 2, 2023.

3

(5:19CR245)

reduction." *Id*. (citing *Jones*, 980 F.3d at 1107 – 08). "Second, the court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id*. (citing *Jones*, 980 F.3d at 1108). "When an incarcerated person, rather than the BOP, files a compassionate-release motion, the court omits this second step."[3] *Id*. "Third, the court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Id*. (citing *Jones*, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the [the] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A. Exhaustion

A defendant may file a motion for compassionate release "only after [s]he 'has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Patterson*, No. 21-3039, 2021 WL 6339640, at *2 (6th Cir. Sept. 15, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant represents that she submitted a request for compassionate release on August 13, 2021, and did not receive a response from the Warden of her facility. *See* ECF No. 77 at PageID #:

---

[3] At this writing the United States Sentencing Commission is fully staffed, after a long hiatus, and currently considering modifications to outdated section 1B1.13. *See Jones*, 980 F.3d at 1109 (explaining that "the Commission has not updated section 1B1.13 since the First Step Act's passage in December 2018" and ruling that "[u]ntil the Sentencing Commission updates section 1B1.13 to reflect the First Step Act, district courts have full discretion … to determine whether an "extraordinary and compelling" reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.")

(5:19CR245)

303. In the response in opposition (ECF No. 86), the Government did not dispute whether Defendant had fully exhausted her administrative remedies. Based on the record before the Court, there is no indication that Defendant neither failed to properly exhaust her administrative remedies nor that the Warden timely responded. Therefore, the Court finds that Defendant has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Today, the Court has full discretion "to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109. Defendant requests compassionate release due to several health complications.[4] Specifically, Defendant states she has "2 masses on [her] kidneys also ha[s] kidney disease [and]…masses in both breasts." ECF No. 77 at PageID #: 310. Defendant also suffers from high blood pressure and leg pain due to the weight of the boots she is required to wear while incarcerated. *See* ECF No. 77 at PageID #: 310. In response, the Government's position is that no extraordinary and compelling reasons are established because "a review of Defendant's medical history demonstrates that none of Defendant's medical conditions are currently so extraordinarily life-threatening that her sentence should be reduced by this Court." ECF No. 86 at PageID #: 397. Furthermore, the Government contends that Defendant has "has [] received two Pfizer COVID-19 vaccinations," and "her subjective and objective medical history do not report any alarming conditions." ECF No. 86 at PageID #: 409.; *see also* ECF No. 79 at PageID #: 314. Defendant was offered the Moderna booster shot in

---

[4] Defendant also requests "that the court dismiss the substance abuse treatment" because she does not "do controlled substance drugs." ECF No. 77-2 at PageID #: 310. The Court will not entertain this request as it exceeds the bounds of this motion, and Defendant does not offer any compelling reason justifying further inquiry by the Court.

5

(5:19CR245)

August 2021 but refused it because she contended that the original Pfizer vaccine contributed to some of her health issues.[5]  See ECF No. 77 at PageID #: 309.

      Courts have repeatedly concluded that a defendant who has access to the vaccine, or one who is vaccinated, cannot establish extraordinary and compelling reasons based solely on the prevalence of COVID-19.  See, e.g., United States v. Fowler, No. 21-5769, 2022 WL 35591, at *1 (6th Cir. Jan. 4, 2022) (ruling that defendant "has access to the vaccine and has received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' reason that warrants compassionate release"); United States v. Wymer, No. 3:13-CR-00134-JGC-1, 2021 WL 5707188, at *2 (N.D. Ohio Dec. 1, 2021) (reasoning that defendant, was unable to establish extraordinary and compelling reasons for release because "once an inmate has access to the COVID vaccine, he or she cannot show that a fear of contracting the virus is extraordinary or compelling"); United States v. McIlveen, No. 4:15-CR-00403, 2021 WL 2463847, at *3 (N.D. Ohio June 17, 2021) (finding that defendant could not demonstrate "extraordinary and compelling reasons" required for compassionate release because defendant had access to the COVID-19 vaccine).  While Defendant notes that she believes she is at an increased risk for complications due to COVID-19, her Motion does not rely solely on the risk of contracting COVID-19.

---

    [5] While much is still unknown, recent articles indicated that mixing vaccinations is not harmful.  See NATIONAL INSTITUTES OF HEALTH https://covid19.nih.gov/news-and-stories/mixing-matching-covid-19-vaccine-booster-doses#:~:text=%EF%BB%BFMixing%20and%20Matching%20COVID%2D19%20Vaccine%20Booster%20Doses&text=The%20FDA%20has%20authorized%20the,of%20a%20NIAID%2Dsupported%20study (last visited November 2, 2022);  LOS ANGELES TIMES https://www.latimes.com/california/story/2022-09-23/moderna-vs-pfizer-is-it-ok-to-mix-and-match-the-updated-covid-19-booster-shots (last visited November 2, 2022).

6

(5:19CR245)

Defendant, who is 55 years old, has myriad health issues. Defendant suffers from masses in both breasts and on her kidneys, issues stemming from previously diagnosed cancer, OBGYN issues of bleeding and fibroids, high blood pressure, an injury to her left quadriceps, and neurological and psychological issues. *See* ECF No. 82 at PageID #: 327. Ultrasound imaging conducted in 2020 indicated that Defendant suffers from bilateral renal cysts. *See* ECF No. 82 at PageID #: 329. Additional testing showed a cervical polyp as well as abnormal uterine bleeding. *See* ECF No. 82 at PageID #: 330. Furthermore, several of these ailments plaguing Defendant have needed physician recommended follow-ups, such as a follow-up mammogram and ultrasound in January 2022. *See* ECF No. 82 at PageID #: 331. The record does not indicate that Defendant has been receiving the care necessary to address her broad ranging health issues. For the reasons set forth, the Court finds that Defendant has demonstrated "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582(c)(1)(A) based on her medical condition.

### C. 18 U.S.C. § 3353(a) Factors

While the Court finds that Defendant has established extraordinary and compelling reasons, in accord with 18 U.S.C. 3553(a), the Court also analyzes "the nature and circumstances of the offense[s committed] and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A); *United States v. Elias*, 984 F.3d at 516, 518 (6th Cir. 2021)). As previously noted, Defendant was indicted on twelve counts of committing Mail Fraud, subsequently was sentenced to a term of 24 months for each of the twelve counts of the Indictment to be served concurrently. *See Minutes*

7

(5:19CR245)

7/2/2020.  As of the issuance of this Order by the Court, Defendant will have served 20 of the 24 months of the imposed sentence.  Defendant is currently scheduled to be released from BOP custody on March 2, 2023.  Furthermore, upon release, Defendant will serve a three-year term of supervised release concurrently imposed for each of the twelve Counts.  *See* ECF No. 58.  While the Court carefully considered the factors set forth in 18 U.S.C. § 3353(a) when initially imposing sentencing, having once again considered the 18 U.S.C. § 3353(a) factors relevant to the case at bar, as well as the record as a whole pertaining to time served and the deteriorating health of Defendant, the Court finds that, in total, the factors weigh in favor of granting Defendant's request for compassionate release.  Therefore, Defendant's thoughtfully imposed sentence will be altered.

### III.  Conclusion

For the reasons provided, Defendant's Motion for Compassionate Release (ECF No. 77) is granted.  Defendant shall be released to begin her three-year term of supervised release and must comply with the BOP's release protocol and those imposed on her by her supervising probation officer, including quarantining, if necessary.

IT IS SO ORDERED.

| | |
|---|---|
| November 3, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

8